IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Dontrell Montez Cochran, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:23-cv-16-BHH |
| v. | ) | |
| | ) | |
| Berkeley County Sheriff's Department, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

  This matter is before the Court upon Plaintiff Dontrell Montez Cochran's ("Plaintiff") pro se civil action challenging certain actions taken by law enforcement during his recent arrest. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

  On February 27, 2023, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action for failure to comply with an order of the Court, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted. (ECF No. 8.) Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of receiving a copy. On March 9, 2023, Plaintiff filed an "appeal" asking the Court not to dismiss the case, which the Court liberally construes as objections to the Report.

  The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the Magistrate Judge explained that she previously notified Plaintiff that his complaint was subject to dismissal for failure to state a claim and ordered Plaintiff to file an amended pleading curing the identified pleading deficiencies and to file a completed set of service documents for the Defendants in the amended pleading. Plaintiff did not do so. Accordingly, the Report recommends that the Court summarily dismiss this action for failure to comply with the Court's order, pursuant to Rule 41(b).

Additionally, the Magistrate Judge evaluated the allegations of Plaintiff's initial complaint, explaining that Plaintiff failed to name a Defendant amenable to suit under 42 U.S.C. § 1983; that the Eleventh Amendment bars damages actions against states and state agencies; and that Plaintiff's claims challenge the legality of a traffic stop and are likely barred by the *Younger* abstention doctrine, pursuant to which federal courts are not authorized to interfere with pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). For those reasons, in addition to recommending that the matter be dismissed pursuant to Rule 41(b), the Report also recommends dismissal for failure to state

a claim.

In Plaintiff's unsigned letter of appeal, which the Court liberally construes as objections, Plaintiff asserts that he received his Rule 5 on February 24 and has not had enough time to proceed with this case. (ECF No. 10 at 1.) Plaintiff then repeats the allegations concerning the traffic stop at issue and asserts that it was an illegal traffic stop.

After review, the Court finds Plaintiff's objections unavailing. First, Plaintiff's objections do not even acknowledge the fact that he failed to comply with the Magistrate Judge's order, which directed him to file an amended pleading and a completed set of service documents. Second, nowhere in his objections does Plaintiff respond to the Magistrate Judge's findings (1) that Plaintiff has not named a Defendant amenable to suit under § 1983; (2) that the named Defendant is entitled to Eleventh Amendment immunity; or (3) that the *Younger* abstention doctrine bars this Court from interfering with his ongoing state criminal proceedings. In all, Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Therefore, after a thorough review of the Report, the record, and the applicable law, the Court overrules Plaintiff's objections and agrees with the Magistrate Judge's recommended disposition.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 8) is adopted and incorporated herein; Plaintiff's objections (ECF No. 10) are overruled; and this matter is dismissed for failure to comply with an order of the Court, pursuant to Rule 41(b), and for failure to state a claim upon which relief may be granted. This matter is dismissed without prejudice and without further leave to amend or to bring the case into proper form, as Plaintiff has had the opportunity to do so and did not.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

July 20, 2023
Charleston, South Carolina

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.